IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER P. IRVING<br><br>Plaintiff,<br><br>v.<br><br>COOK COUNTY SHERIFF'S OFFICE, SUPERINTENDENT MARTHA YOKSOULIAN, in her individual capacity, SUPERINTENDENT ERICA QUEEN, in her individual capacity, SUPERINTENDENT ESEQUIEL IRACHETA, in his individual capacity, LIEUTENANT LANESHIA PONDEXTER, in her individual capacity, SERGEANT PATRICK FITZGERALD, in his individual capacity, OFFICER DANIEL LAKOWSKI, in his individual capacity, OFFICER ALECIA LOBIANCAO, in her individual capacity, and COOK COUNTY, as indemnitor<br><br>Defendants. | Case No. 22 CV 6599 |

**JOINT INITIAL STATUS REPORT**

**1.** **Nature of the Case**

A. Identify the attorneys of record for each party, including the lead trial attorney.

**For Plaintiff:**

**Heidi Karr Sleper (#6287421)**
**Jacob D. Exline (#6326874)**
**KURTZ, SLEPER & EXLINE, LLC**
**610 W. Roosevelt Rd., Ste A2**
**Wheaton, IL 60187**
**Phone: 630-323-9444**
**E-mail: hsleper@kselegal.com**
**E-mail: jexline@kselegal.com**

**For Defendants: Cook County Sheriff's Office, Cook County as indemnitor, Patrick Fitzgerald, Esequiel Iracheta, Daniel Lakowski, Laneshia Pondexter, Erica Queen, and**

**Martha Yoksoulian, ("Defendants")**

**Christopher Nugarus (#6309805)**
**Assistant State's Attorney**
**Civil Rights Litigation Section**
**500 Richard J. Daley Center**
**Chicago, IL 60602**
**Telephone: 312 603-5527**
**Christopher.nugarus2@cookcountyil.gov**

B. Identify any parties that have not yet been served.

**Defendant Alecia LoBianco was not served because she is no longer employed by the Cook County Sheriff's Office. Counsel from the States' Attorney's Office is investigating whether it will represent Defendant Lobianco. Plaintiff's counsel will provide a waiver of service for LoBianco to complete.**

C. State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

**The basis for federal jurisdiction is federal questions 28 U.S.C. § 1331.**

   i. state whether and, if so, why the amount in controversy exceeds the $75,000 jurisdictional threshold; and

**The amount in controversy exceeds $75,000. Plaintiff alleges his Constitutional rights were violated causing him physical and emotional pain and suffering, and other consequential damages.**

   ii. identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

   **NOTE:** The report must address whether there is diversity of citizenship in any case in which supplemental jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.

D. Describe generally the nature of the claims asserted in the complaint and any counterclaims.

**Plaintiff brings this action to redress alleged violations pursuant to 42 U.S.C. § 1983 for failure to protect him from harm under the Fourteenth Amendment of the United States Constitution.**

E. State the major legal and factual issues in the case.

**Plaintiff's claims arise from a November 25, 2020, incident in which he was assaulted by another inmate while incarcerated in the Cook County Jail ("CCJ") as a pretrial detainee. The major legal and factual issues relate to whether or not Defendants failed to protect Plaintiff from the November 25, 2020 assault.**

**Defendants deny liability to Plaintiff for the claims and damages alleged in the Complaint. There are currently no counterclaims or third-party complaints.**

**The Parties anticipate the following legal issues:**

**Whether Defendants were deliberately indifferent to Plaintiff's health and safety by not maintaining his status as court ordered protective custody**

**Whether Defendants knew through Plaintiff's complaints and grievances that Plaintiff was on court ordered protective custody because of the substantial risk to him of serious injury as a former law enforcement officer.**

**Whether Defendants knew about the substantial risk to Plaintiff of serious injury, and whether Defendants did anything to ensure that Plaintiff was confined in accordance with his court ordered protective custody.**

**Whether Defendants made an intentional decision with respect to the conditions under which the Plaintiff was confined; whether they moved him to the general population; and whether they failed to abide by the Court's order that Plaintiff was to be held in protective custody while housed at the Cook County jail.**

**Whether Defendants made any decisions with respect to the conditions under which the Plaintiff was confined which put Plaintiff at substantial risk of suffering serious harm.**

**Whether Defendants took reasonable available measures to abate that risk even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the Defendants' conduct obvious.**

**Whether the Defendants caused the Plaintiff's injuries.**

**Whether the Sheriff's office has adopted and promulgated an official policy of failing to maintain detainees in protective custody, allowing detainees who should not be in protective custody to be confined with detainees who were in protective custody, and/or has created a widespread practice or custom of not maintaining detainees safely in protective custody, and/or the decisions of failing to maintain Plaintiff in protective custody were made by an official with final policy making authority**

**Whether Defendants deprived Plaintiff, of his rights to due process under the Fourteenth Amendment of the United States Constitution by witnessing Plaintiff get**

3

assaulted and failing to intervene in the assault on Plaintiff despite being aware that he was at substantial risk of serious injury.

Whether Defendants acted with deliberate indifference to Plaintiff's health and safety by failing to intervene in the assault on Plaintiff.

Whether the assault on Plaintiff by other inmates was an objectively serious danger that posed a substantial risk of serious harm to him.

Whether the Sheriff's office has adopted and promulgated an official policy of failing to intervene in inmate assaults, and/or has created a widespread practice or custom of not intervening in inmate assaults, and/or whether any alleged decisions to not intervene in the assault on Plaintiff were made by an official with final policy making authority.

Whether the actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983.

Whether the actions of Defendants caused Plaintiff physical and emotional pain and suffering, and other consequential damages.

  F. Describe the relief sought.

Compensatory damages in an amount to be determined at trial; a permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein; a permanent injunction requiring the Defendants adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. § 1983; the Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law; punitive damages as allowed by law against Defendants; an award of reasonable attorneys' fees, costs, and litigation expenses; and such other relief as the Court may deem just or equitable.

The Defendants deny they are liable and seek judgment in their favor on all Counts, and for costs and such further relief as this Court deems just.

 **2.** **Case Plan**

  A. Identify all pending motions.

**No motions are currently pending.**

  B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

Defendant Pondexter anticipates filing a Motion to Dismiss in response to the Complaint based on failure to allege Defendant Pondexter's personal involvement in the

**alleged constitutional violation. Plaintiff denies that there is any such basis for a motion as Defendant Pondexter's knowledge and failures to act in accordance with that knowledge is sufficiently alleged.**

      C.     Submit a proposed discovery plan, including the following information:

           i.     the general type of discovery needed;

**The Parties anticipate needing written discovery, document production, and depositions. The Parties agree that a HIPAA Protective Order regarding Plaintiff's medical records and a protective order regarding documents from the Cook County Correctional Department relating to employees and security measures will be necessary.**

          ii.    whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;

**Plaintiff anticipates his document requests will include requests for electronically stored information but does not anticipate any disclosure issues.**

          iii.   any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);

**The Parties do not anticipate any claims of privilege requiring a FRE 502(d) order.**

          iv.   the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;

**The Parties will make their FRCP 26(a)(1) disclosures on March 10, 2023.**

          v.    the date by which the parties will complete fact discovery;

**The Parties will complete fact discovery by September 15, 2023.**

          vi.   whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;

**Plaintiff anticipates that expert discovery will be necessary. Expert disclosures and depositions will be completed by January 15, 2024.**

          vii.  what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the

        number of depositions or interrogatories permitted; and

**None.**

    viii.    the date by which the parties must file any dispositive motions.

**Dispositive Motions are due on or before February 16, 2024.**

D.    State whether there has been a jury demand and the estimated length of the trial.

**Plaintiff and Defendants have demanded a trial by jury and anticipates that a trial in this matter will take 5 days.**

3.    <u>Settlement</u>

A.    State whether any settlement discussions have occurred and describe the status of any such discussions. Do *not* provide the particulars of any settlement demands/offers.

**No settlement discussions have occurred.**

B.    State whether the parties believe that a settlement conference would be productive at this time.

**Plaintiff and Defendants are agreeable to a settlement conference.**

4.    <u>Consent to Proceed Before a Magistrate Judge</u>

A.    State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do *not* indicate which parties consented or did not consent.

**The Parties do not consent to proceeding before the assigned Magistrate Judge.**

        Respectfully submitted,

| Plaintiff Christopher Irving | Defendants Cook County, Cook County Sheriff, Patrick Fitzgerald, Esequiel Iracheta, Daniel Lakowski, Laneshia Pondexter, Erica Queen, and Martha Yoksoulian, ("Defendants") |
|---|---|
| By: *s/ Heidi Karr Sleper* | |
| | |
| Heidi Karr Sleper (#6287421) | By: */s/ Christopher Nugarus* |
| Kurtz, Sleper & Exline, LLC | Christopher Nugarus |
| 610 West Roosevelt Rd., Suite A2 | Christopher Nugarus (#6309805) |
| Wheaton, IL 60187 | Assistant State's Attorney |
| Phone: 630.323.9444 | Civil Rights Litigation Section |

| | |
|---|---|
| E-mail: hsleper@kselegal.com | 500 Richard J. Daley Center |
| | Chicago, IL 60602 |
| | Telephone: 312 603-5527 |
| | Christopher.nugarus2@cookcountyil.gov |