UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER P. IRVING | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 cv 6599 |
| | ) | |
| vs. | ) | |
| | ) | Honorable Judge |
| COOK COUNTY SHERIFF'S OFFICE, | ) | Andrea R. Wood |
| SUPERINTENDENT MARTHA | ) | |
| YOKSOULIAN, in her individual capacity, | ) | JURY DEMANDED |
| SUPERINTENDENT ERICA QUEEN, in | ) | |
| her individual capacity, | ) | |
| SUPERINTENDENT ESEQUIEL | ) | |
| IRACHETA, in his individual capacity, | ) | |
| LIEUTENANT LANESHIA PONDEXTER, | ) | |
| in her individual capacity, SERGEANT | ) | |
| PATRICK FITZGERALD, in his individual | ) | |
| capacity, OFFICER DANIEL LAKOWSKI, | ) | |
| in his individual capacity, OFFICER | ) | |
| ALECIA LOBIANCAO, in her individual | ) | |
| capacity, and COOK COUNTY, as | ) | |
| indemnitor | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PONDEXTER'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**NOW COMES** Defendant, Laneshia Pondexter ("Defendant Pondexter"), by and through her attorney, Kimberly M. Foxx, State's Attorney of Cook County, through Christopher Nugarus, Assistant State's Attorney, and moves to dismiss Plaintiff's Complaint (Dkt. 1.) pursuant to Fed. R. Civ. Pro. 12(b)(6). In support of this motion, Defendant Pondexter states:

**Introduction**

Plaintiff Christopher Irving, a former pretrial detainee at Cook County Jail ("CCJ"), filed a four count Complaint ("Complaint") on November 23, 2022, naming the Cook County Sheriff's

1

Office and seven individuals, including Defendant Pondexter[1] in her individual capacity, as Defendants in this matter. (Dkt. 1.) In short, Plaintiff's Complaint alleges he was court ordered to be in protective custody due to a risk of harm associated with his status as former law enforcement, and that Defendants failed to protect Plaintiff from an assault by another inmate at the CCJ resulting in injuries. (Dkt. 1.) The Complaint should be dismissed with prejudice as to Defendant Pondexter because the limited facts alleged pertaining to Defendant Pondexter fall woefully short of a cause of action. Plaintiff failed to provide sufficient factual allegations to demonstrate Defendant Pondexter's personal involvement in the alleged constitutional violation. The Complaint does not allege that Defendant Pondexter did anything other than sign one grievance submitted by the Plaintiff, and appropriately refer it up the chain of command for review and/or action. Therefore, Plaintiff's Complaint, should be dismissed with prejudice as to Defendant Pondexter.

## Statement of Relevant Facts

The following facts are taken from Plaintiff's Complaint and are presumed true solely for the purposes of this Motion to Dismiss. On June 28, 2019, Plaintiff was arraigned on criminal charges, denied bail, and placed in custody at the Cook County Jail ("CCJ"), along with a Court Order that required Plaintiff be placed in protective custody. (Dkt. 1, ¶ 31-32.) On February 17, 2020, Plaintiff filed a grievance in which he referenced his court ordered protective custody status (Id. at ¶ 37.) On August 11, 2020, Plaintiff filed a grievance complaining about the spread of information pertaining to Plaintiff's status as a former law enforcement officer. (Id. at ¶ 40-41.)

---

[1] Plaintiff's Complaint incorrectly lists Defendant Pondexter as "Lieutenant Laneshia Pondexter". In fact, Defendant Pondexter never held the rank of Lieutenant and instead was employed with the Cook County Sheriff's Office as a Correctional Rehabilitation Worker ("CRW") at all times relevant to this matter. As CRW, Defendant Pondexter's duties entailed reading the grievances, determining which department to direct them to, signing the grievances, and filing them with the appropriate department. Defendant Laneshia T. Pondexter's initials are "L.T.", but she is not a Lieutenant.

2

On October 23, 2020, Plaintiff was moved to Division 10-1C and filed a grievance pertaining to his health and safety that was signed by Defendant Pondexter on October 27, 2020. (Id. at ¶ 42.) Although Defendant Pondexter signed for receipt of the grievance on October 27, 2020, that same grievance was then referred to and subsequently denied by Superintendent Yoksoulian on October 30, 2020. (Id.) Plaintiff does not allege that Defendant Pondexter took any action other than merely signing for receipt of the grievance, which was then reviewed and denied by someone else, specifically the higher ranking Superintendent. (Id.)

Plaintiff further alleges he complained verbally and in writing over 4 months that he needed to be housed in "housed alone/out alone status" due to the threats he was receiving, and that he filed three grievances expressing his health and safety concerns. (Id. at ¶ 43.) Subsequently on November 25, 2020, Plaintiff was assaulted by another inmate in the CCJ. (Id. at ¶ 45.) Plaintiff was hospitalized for three and ½ days at Mount Sinai Hospital for physical injuries sustained during the assault. (Id. at ¶ 49.)

### Standard of Review

To survive a motion to dismiss, a complaint must contain allegations that, if taken as true, plausibly suggest that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555- 56 (2007). Plaintiffs need not provide detailed factual allegations but must provide enough factual support to raise their right to relief above a speculative level. *Id.* at 555. Claims must be facially plausible and must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Claims must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). Furthermore, "[t]hreadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 678.

## Argument

I. **Plaintiff's Claims Against Defendant Pondexter Should be Dismissed with Prejudice Because The Allegations Against Her Do Not Rise to the Level of A Constitutional Violation under 42 U.S.C. §1983.**

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As such, a defendant is not liable unless he or she "actually caused or participated in a constitutional deprivation." *Taylor v. Cook County*, 2013 U.S. Dist. LEXIS 72890, *15 (N.D. Ill. 2013) (internal quotations omitted). Although the notice pleading standard is liberally construed, Plaintiff fails to allege operative facts that Defendant Pondexter was personally involved in any constitutional violation.

Here, Plaintiff brings an individual capacity claim against Defendant Pondexter based on a purported knowledge of risk of harm to Plaintiff, and her corresponding failure to protect him. (Dkt. 1, ¶ 79-80.) Despite Plaintiff's conclusory statements, the Complaint fails to allege any facts regarding individual actions taken by Defendant Pondexter that would rise to the level of a constitutional violation. The <u>sole</u> factual allegation pertaining to Defendant Pondexter is that she merely signed one grievance filed by the Plaintiff. (Id. at ¶ 42.) The only other paragraphs of the Complaint that reference Defendant Pondexter consist of Plaintiff's conclusory statements pertaining to the elements of the cause of action. (*See* Id. at ¶ 65-66, 79-80.) Moreover, Plaintiff

does not allege Defendant Pondexter took any substantive action regarding the subject grievance. (Id. at ¶ 42). Furthermore, Plaintiff alleges it was Defendant Superintendent Yoksoulian, not Defendant Pondexter, who ultimately denied the grievance on October 30, 2020. (Id.) These facts as alleged by Plaintiff allow this Court to reasonably infer that if Defendant Pondexter took any action regarding the subject grievance, she simply processed the grievance by properly submitting the grievance up the chain of command to a Superintendent. To the extent that the Complaint alleged Defendant Pondexter did anything at all regarding Plaintiff's grievance, it alleges that Pondexter acted appropriately and elevated Plaintiff's issue.

The Seventh Circuit has found that jail employees who only process inmate grievances cannot be found liable under Section 1983. *Manney v. Monroe*, 151 F. Supp. 2d 976, 985-86 (7th Cir. 2001). In *Manney*, plaintiff, alleging deliberate indifference to his dental condition, named as defendants various administrators who played no role in his medical care, but who instead merely processed inmate grievances. *Id.* After first discussing the need for personal involvement in the alleged deprivation to establish individual liability for §1983 actions, the *Manney* court found that those administrators merely processed the plaintiff's grievances and had no role in plaintiff's dental care. *Id*. at 985-986.

Accordingly, Plaintiff has failed to allege personal involvement of Defendant Pondexter under the pleading standards. Plaintiff has failed to allege Defendant Pondexter had any role in where Plaintiff was housed, had any ability to house Plaintiff in a different location, or made any decision that made Plaintiff more or less safe. In short, Plaintiff has not alleged that Defendant Pondexter had any personal involvement in the alleged failure to protect the Plaintiff. In fact, Plaintiff pled that Defendant Pondexter did no more than handle Plaintiff's grievance, and she did

5

that in such a manner that Plaintiff's grievance was forwarded to a Superintendent.[2]  Defendant Pondexter cannot be held individually liable for any Section 1983 violation, because Plaintiff has not sufficiently pled Defendant Pondexter's personal involvement in an alleged constitutional violation.

### Conclusion

WHEREFORE, for the above stated reasons, Defendant Pondexter is entitled to dismissal as a matter of law under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully requests that this Honorable Court dismiss with prejudice Plaintiff's Complaint as to her, as well as any other remedies this Court deems just and appropriate.  Moreover, Defendant Pondexter requests that the Court stay any responsive pleadings in this matter until the Court rules on this motion.

                                        Respectfully Submitted,
                                        Kimberly M. Foxx
                                        State's Attorney of Cook County

By:    */s/ Christopher Nugarus*
        Christopher Nugarus
        Assistant State's Attorney
        Richard J. Daley Center
        50 West Washington, Room 500
        Chicago, IL 60602
        (312) 603-5527
        Christopher.nugarus2@cookcountyil.gov

---

[2] As noted above, Defendant Pondexter is a CRW, a civilian social worker, and not sworn lieutenant.  Either way, Plaintiff still failed to allege that Defendant Pondexter did any more than handle Plaintiff's grievance and appropriately send it up the chain of command, did not allege that Pondexter made any decisions about where Plaintiff was or was not housed, and did not allege that Pondexter had any personal involvement in the alleged failure to protect.

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff electronically pursuant to ECF, in accordance with the rules of electronic filing of documents on this 7th day of February 2023. _____

                                          */s/ Christopher Nugarus*
                                          CHRISTOPHER NUGARUS