**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHRISTOPHER P. IRVING

      Plaintiff,

      v.

COOK COUNTY SHERIFF'S OFFICE,
SUPERINTENDENT MARTHA
YOKSOULIAN, in her individual capacity,
SUPERINTENDENT ERICA QUEEN, in her
individual capacity, SUPERINTENDENT
ESEQUIEL IRACHETA, in his individual
capacity, LIEUTENANT LANESHIA
PONDEXTER, in her individual capacity,
SERGEANT PATRICK FITZGERALD, in his
individual capacity, OFFICER DANIEL
LAKOWSKI, in his individual capacity,
OFFICER ALECIA LOBIANCAO, in her
individual capacity, and COOK COUNTY, as
indemnitor

      Defendants.

Case No. 22 CV 6599

Judge Andrea Wood
Magistrate Judge Heather McShain

## PLAINTIFF'S RESPONSE TO DEFENDANT PONDEXTER'S MOTION TO DISMISS

In accordance with this Court's order of July 7, 2023, Plaintiff provides the following response and clarification relating to Defendant's motion to dismiss. It is Plaintiff's position that Defendant Pondexter should be dismissed without prejudice subject to Plaintiff being able to amend the complaint to add Defendant Pondexter again if discovery indicates that she may be liable to Plaintiff for his claims.

In his Complaint, Plaintiff has alleged that Defendant Pondexter had personal knowledge of his complaints for his health and safety prior to his assault. (Compl. ¶ 42). Plaintiff alleges that Defendant Pondexter knew that Plaintiff was on court ordered protective custody because of the substantial risk to him of serious injury as a former law enforcement officer. (Compl. ¶ 65).

Plaintiff also alleges that Defendant Pondexter did not do anything to ensure that Plaintiff was confined in accordance with his court ordered protective custody. (Compl. ¶ 65).

In order for Plaintiff, as a pretrial detainee, to prove liability against Defendant Pondexter, he must show that her conduct was objectively unreasonable. *See Miranda v. County of Lake*, 900 F.3d 335, 351 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). This standard cannot be applied mechanically, but turns on the facts and circumstances of each particular case. *Kingsley,* 576 U.S. at 397.

Plaintiff named Defendant Pondexter based on the facts and circumstances of the case as he understood them at the time of filing. The documents available to Plaintiff at the time of filing showed Defendant Pondexter's signature as "LT Pondexter." Based on that information, Plaintiff understood Defendant Pondexter to be a supervisory authority at the Cook County jail holding the rank of Lieutenant.

Defendant Pondexter's motion to dismiss argues that she is employed with the Cook County Sheriff's Office as a Correctional Rehabilitation Worker, who's duties include "reading grievances, determining which department to direct them to, signing the grievances, and filing them with the appropriate department." Def's MTD, pg.2, fn 1.

Based on the Defendant's statements that Defendant Pondexter worked as a CRW rather than a Lieutenant, Plaintiff agrees that Defendant Pondexter's roles, duties, and responsibilities to Plaintiff are likely different than he initially understood them to be. Therefore, Plaintiff does not oppose dismissing Defendant Pondexter at this time.

However, Plaintiff's allegations of Defendant Pondexter's personal involvement must be viewed as true for purposes of a Fed.R.Civ.P 12(b)(6) motion and construed in Plaintiff's favor. *Cochran v. Rowe*, 438 F. Supp. 566, 570 (N.D. Ill. 1977). Plaintiff believes that it is plausible,

based on his allegation of Defendant Pondexter's personal knowledge, for discovery to indicate that she may in fact have acted in an objectively unreasonable manner in her handling of Plaintiff's grievances. Thus, Defendant Pondexter should be dismissed without prejudice since discovery is in its infancy and the full extent of Defendant Pondexter's knowledge, actions, duties, and responsibilities are unknown at this time.

WHEREFORE, for the reasons stated herein, Plaintiff does not object to dismissing Defendant Pondexter without prejudice subject to Plaintiff being able to amend the complaint to add Defendant Pondexter again if discovery indicates that she may be liable to Plaintiff for his claims.

Respectfully submitted,

Attorney for Plaintiff

Heidi Karr Sleper (# 6287421)
Kurtz, Sleper & Exline, LLC
610 West Roosevelt Rd., Suite A2
Wheaton, IL 60187
Phone: 630.323.9444
E-mail: hsleper@kselegal.com

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on July 12, 2023 via ECF which generates electronic notice to the below listed attorneys.

jonathan.wheeler@cookcountyil.gov
miguel.larios@cookcountyil.gov


*/s/ Heidi Karr Sleper*

_____

4